IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(SHERMAN DIVISION)

| | | |
|---|---|---|
| BRENDA BROWN, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | |
| EXPERIAN INFORMATION | § | 4:14-CV-00240 |
| SOLUTIONS, INC.; et al, | § | |
| | § | |
| DEFENDANTS. | § | |

## FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Brenda Brown ("Plaintiff"), pursuant to Rule 15(a)(1)(B), and files her First Amended Complaint[1], and with knowledge as to her own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

2. Congress enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and

---

[1] Plaintiff's First Amended Complaint moots Defendant Synchrony Bank f/k/a GE Capital Retail Bank's Motion to Dismiss because Plaintiff further alleges her claims under 15 U.S.C. § 1681s-2(b) with sufficient factual matter "that allows the Court to draw the reasonable inference  that the defendant is liable for the misconduct alleged." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3. On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[2]

4. The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to credit information, and for other purposes."[3]

5. Towards this end, Congress provided "powerful new tools" to consumers, including the right to obtain free credit reports due to identity theft and the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

6. FACTA also imposed additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

---

[2]   http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html  as of April 16, 2014.

[3]  Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf  as of April 16, 2014.

7.  The FCRA imposes duties on persons who furnish information to a consumer reporting agency ("furnisher").  *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5).  "1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."  *Boggio v. USAA*, 696 F.3d 611, 614 (6th Cir. 2012).  Specifically, the furnisher must satisfy five duties after receipt of notice of a consumer dispute from a consumer reporting agency.  15 U.S.C. § 1681s-2(b)(1)(A-E).

8.  The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Plaintiff, resulting from the defendants' failure to comply with the FCRA.

<u>JURISDICTION & VENUE</u>

9.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

11. Plaintiff Brenda Brown is a consumer as defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Experian was doing business in this judicial district.

13. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. 1681a(f).  In all respects and all times relevant herein, Equifax was doing business in this judicial district.

14. Defendant TransUnion LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. 1681a(f).  In all respects and all times relevant herein, Trans Union was doing business in this judicial district.

15. Experian, Equifax and Trans Union are referred to collectively throughout as the "CRA Defendants."

16. Defendant Chase Bank USA, N.A. ("Chase") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Chase was doing business in this judicial district.

17. Defendant Department Stores National Bank ("DSNB") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, DSNB was doing business in this judicial district.

18. Defendant Discover Financial Services, LLC ("Discover") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Discover was doing business in this judicial district.

19. Defendant Synchrony Bank f/k/a General Electric Capital Retail Bank ("GECRB") is a person who furnishes information to consumer reporting agencies

as defined by 15 U.S.C. §1681a(f).  In all respects and all times relevant herein, GECRB was doing business in this judicial district.

20. Defendant LVNV Funding, LLC ("LVNV") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, LVNV was doing business in this judicial district.

21. Defendant Midland Credit Management, Inc. ("Midland Credit") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Midland Credit was doing business in this judicial district.

22. Defendant Midland Funding, LLC ("Midland Funding") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Midland Funding was doing business in this judicial district.

23. Defendant Sam's Club ("Sams") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Sam's Club was doing business in this judicial district.

<u>FACTUAL ALLEGATIONS</u>

24. Plaintiff is a victim of identity theft.

25. Experian prepared and issued credit reports to third parties concerning Plaintiff that included inaccurate information, such as personal identifying information, credit information and the status of a public record.  Beginning in May 2012, Plaintiff notified Experian in Allen, Texas that she was a fraud victim and disputed the accuracy of information contained in her Experian file.  Experian continued to report inaccurate information concerning Plaintiff.  Plaintiff notified Experian in Allen, Texas that she was a fraud victim and requested her credit report.  Experian processed Plaintiff's requests in Allen, Texas.  Experian failed to provide Plaintiff with her credit report.  Plaintiff mailed an identity theft report to Experian in Allen, Texas and disputed inaccurate information contained in her Experian file.  Experian notified Plaintiff, in writing, from Allen, Texas of its intent to continue to report inaccurate information concerning Plaintiff.  Experian failed to block all of the disputed information from appearing on Plaintiff's credit report.  Experian instructed Plaintiff to contact Experian in Allen, Texas to view her credit report or to dispute information.

26. Equifax prepared and issued credit reports to third parties concerning Plaintiff that included inaccurate information, including personal identifying information, credit information and the status of a public record.  Beginning in May 2012, Plaintiff notified Equifax that she was a fraud victim and disputed the accuracy of the information reported by Equifax. Equifax continued to report

inaccurate information concerning Plaintiff.   Plaintiff requested her consumer disclosure from Equifax due to fraud and adverse action.  Equifax did not provide Plaintiff with her consumer disclosure in response to her requests.   Plaintiff provided Equifax with an identity theft report and disputed inaccurate information contained in her Equifax file.  Equifax did not block all of the disputed information from appearing on Plaintiff's credit report.   Again, Plaintiff requested her consumer disclosure from Equifax, and requested Equifax to truncate the first five digits of her Social Security number on her consumer disclosure.  Equifax did not truncate the first five (5) digits of her Social Security number.

27.  Trans Union prepared and issued credit reports to third parties concerning Plaintiff that included inaccurate information, including personal identifying information, credit information and the status of a public record.  Beginning in May 2012, Plaintiff notified Trans Union that she was a fraud victim.  Plaintiff disputed the accuracy of the information reported by Trans Union.   Plaintiff requested her consumer disclosure from Trans Union as a fraud victim.  Trans Union did not provide Plaintiff with her consumer disclosure in response to her request.  Plaintiff provided Trans Union with an identity theft report and again requested her consumer disclosure and disputed inaccurate information reported by Trans Union.  Trans Union failed to provide Plaintiff with her consumer disclosure in response to Plaintiff's request and after receipt of an identity theft report.

28. Plaintiff notified the CRA Defendants that their reporting of the Chase account was inaccurate.  At least one of the CRA Defendants notified Chase of Plaintiff's dispute.  Chase verified the account to Experian. From Allen, Texas, Experian notified Plaintiff that Chase verified the account. Chase notified Trans Union that that the account had been deleted.  Chase knew that the Chase account was reported incorrectly because on a prior occasion Chase told Trans Union to delete the account.

29. Plaintiff notified the CRA Defendants that their reporting of the DSNB account was inaccurate.  At least one of the CRA Defendants notified DSNB of Plaintiff's dispute.  DSNB verified the account to Experian. DSNB verified the account to Trans Union.  Trans Union notified Plaintiff that DSNB verified the account.

30. Plaintiff notified the CRA Defendants that their reporting of the Discover account was inaccurate.  At least one of the CRA Defendants notified Discover of Plaintiff's dispute.  Discover verified the account to Experian and Trans Union. Experian notified Plaintiff that the Discover account was not changed as a result of processing its dispute.  Trans Union notified Plaintiff that Discover verified the account.

31. Plaintiff notified the CRA Defendants that their reporting of the GECRB account was inaccurate because unauthorized charges were made on the account.

The GECRB account was for an account with Sam's Club.  At least one of the CRA Defendants notified GECRB of Plaintiff's dispute. GECRB verified the account to Experian and Trans Union.  Prior to verifying the account to the CRA Defendants, GECRB did not contact any third parties who would have relevant information about the disputed information.  GECRB did not contact Plaintiff and request additional information.  GECRB verified the information that it supplied to the CRA Defendants and did not review any other documents.  In or around June 2012, Trans Union notified Plaintiff that GECRB verified the account and no change was made to the reporting of the account. GECRB continued to report the account as a "Charge Off" and that the account was purchased by another lender. In or around July 2012, Experian notified Plaintiff that the account "remained unchanged from [its] processing of [Plaintiff's] dispute in June 2012."  At that time, GECRB reported the account closed and $3,529 written off.  In or around December 2012, Plaintiff disputed the account to Equifax and Trans Union.  At least one CRA Defendant notified GECRB of Plaintiff's dispute.  Acknowledging the inaccuracy of the account, upon information and belief, GECRB instructed Trans Union to delete the account.

32. Plaintiff notified the CRA Defendants that their reporting of the LVNV account was inaccurate.  At least one of the CRA Defendants notified LVNV of

Plaintiff's dispute.   LVNV verified the account to Experian and Trans Union. Trans Union notified Plaintiff that LVNV verified the account.

33. Plaintiff notified the CRA Defendants that their reporting of the Macys account was inaccurate.  At least one of the CRA Defendants notified Macys of Plaintiff's dispute.  Macys verified the account to Experian. Macys verified the account to Trans Union.  Trans Union notified Plaintiff that Macys verified the account.

34. Plaintiff notified the CRA Defendants that their reporting of the Midland Funding account was inaccurate.  At least one of the CRA Defendants notified Midland Funding of Plaintiff's dispute.  Midland Funding verified the account to Experian and Trans Union.  From Allen, Texas Experian notified Plaintiff that Midland Funding verified the account.  Trans Union notified Plaintiff that Midland Funding verified the account.

35. Plaintiff notified the CRA Defendants that their reporting of the Midland Funding account was inaccurate.  At least one of the CRA Defendants notified Midland Credit of Plaintiff's dispute.   Midland Credit verified the account to Experian and Trans Union.  From Allen, Texas, Experian notified Plaintiff that Midland Funding verified the account.  Trans Union notified Plaintiff that Midland Funding verified the account.

36. Plaintiff notified the CRA Defendants that their reporting of the Sam's account was inaccurate.  At least one of the CRA Defendants notified Sams of Plaintiff's dispute. Sams verified the account to Experian and Trans Union.  Trans Union notified Plaintiff that Sams verified the account.

## FIRST CLAIM FOR RELIEF
(against Experian)
(Negligent Non-Compliance with FCRA)

37.  Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

38.  Experian negligently failed to comply with the requirements of the FCRA, including §§ 1681c, e and i.

39.  As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, reduction in credit score, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

40.  Plaintiff requests attorney fees pursuant to§1681o(a).

## SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

41.  Plaintiff adopts and incorporates the above-numbered paragraphs as if full stated herein.

42.  Experian willfully failed to comply with the requirements of the FCRA, including §§ 1681c, e and i.

43.  As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, reduction in credit score, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

44.  Plaintiff requests attorney fees pursuant to§1681n(a).

### THIRD CLAIM FOR RELIEF
(against Equifax)
(Negligent Non-Compliance with FCRA)

45.  Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

46.  Equifax negligently failed to comply with the requirements of the FCRA, including §§ 1681c, e, g, j and i.

47.  As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including

economic loss, denial of credit, reduction in credit score, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

48.  Plaintiff requests attorney fees pursuant to §1681o(a).

## FOURTH CLAIM FOR RELIEF
(against Equifax)
(Willful Noncompliance with FCRA)

49.  Plaintiff adopts and incorporates the above-numbered paragraphs as if full stated herein.

50.  Equifax willfully failed to comply with the requirements of the FCRA, including §§ 1681c, e, g, j and i.

51.  As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, reduction in credit score, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

52.  Plaintiff requests attorney fees pursuant to §1681n(a).

## FIFTH CLAIM FOR RELIEF
(against Trans Union)

(Negligent Non-Compliance with FCRA)

53.  Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

54.  Trans Union negligently failed to comply with the requirements of the FCRA, including §§ 1681c, e, and i.

55.  As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, reduction in credit score, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

56.  Plaintiff requests attorney fees pursuant to §1681o(a).

### SIXTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

57.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

58.  Trans Union willfully failed to comply with the requirements of the FCRA, including §§ 1681e, i, and c.

59.  As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including

economic loss, denial of credit, reduction in credit score, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury.  Plaintiff also seeks statutory punitive damages in an amount to be determined by the jury.

60.  Plaintiff requests attorney fees pursuant to §1681n(a).

## SEVENTH CLAIM FOR RELIEF
### (against Chase)
### (Negligent Noncompliance with FCRA)

61.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

62.  Chase negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

63.  As a result of Chase's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, reduction in credit score, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

64.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## EIGHTH CLAIM FOR RELIEF
### (against Chase)

(Willful Noncompliance with FCRA)

65.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

66.  Chase willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

67.  As a result of Chase's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, reduction in credit score, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

68.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## NINTH CLAIM FOR RELIEF
(against Discover)
(Negligent Noncompliance with FCRA)

69.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

70.  Discover negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

71.  As a result of Discover's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, reduction in credit score, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

72.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<div align="center">

TENTH CLAIM FOR RELIEF
(against Discover)
(Willful Noncompliance with FCRA)

</div>

73.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

74.  Discover willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

75.  As a result of Discover's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, reduction in credit score, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

76.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## ELEVENTH CLAIM FOR RELIEF
(against DSNB)
(Negligent Noncompliance with FCRA)

77.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

78.  DSNB negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

79.  As a result of DSNB's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, reduction in credit score, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

80.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## TWELFTH  EIGHTH CLAIM FOR RELIEF
(against DSNB)
(Willful Noncompliance with FCRA)

81.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

82.  DSNB willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

83. As a result of DSNB's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

84. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<div align="center">

THIRTEENTH CLAIM FOR RELIEF
(against Macys)
(Negligent Noncompliance with FCRA)

</div>

85. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

86. Macys negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

87. As a result of Macys' failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

88.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## FOURTEENTH CLAIM FOR RELIEF
(against Macys)
(Willful Noncompliance with FCRA)

89.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully

stated herein.

90.  Macys willfully failed to comply with the requirements of 15 U.S.C. §

1681s-2(b).

91.  As a result of Macys' failure to comply with the FCRA, Plaintiff has

suffered and continues to suffer actual damages, including economic loss, denial of

credit, lost opportunity to receive credit, damage to credit reputation, invasion of

privacy, emotional distress and interference with Plaintiff's normal and usual

activities for which Plaintiff seeks actual damages in an amount to be determined

by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be

determined by the jury.

92.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTEENTH CLAIM FOR RELIEF
(against Midland Credit)
(Negligent Noncompliance with FCRA)

93.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully

stated herein.

94.  Midland Credit negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

95.  As a result of Midland Credit's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

96.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<div align="center">

SIXTEENTH CLAIM FOR RELIEF
(against Midland Credit)
(Willful Noncompliance with FCRA)

</div>

97.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

98.  Midland Credit willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

99.  As a result of Midland Credit's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual

damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

100.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<div align="center">

**SEVENTEENTH CLAIM FOR RELIEF**
(against Midland Funding)
(Negligent Noncompliance with FCRA)

</div>

101.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

102.     Midland Funding negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

103.     As a result of Midland Funding's failure to comply with the FCRA, plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

104.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<div align="center">

**EIGHTEENTH CLAIM FOR RELIEF**
(against Midland Funding )
(Willful Noncompliance with FCRA)

</div>

105.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

106.     Midland Funding willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

107.     As a result of Midland Funding's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

108.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<div align="center">

NINETEENTH CLAIM FOR RELIEF
(against LVNV)
(Negligent Noncompliance with FCRA)

</div>

109.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

110.     LVNV negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

111.     As a result of LVNV's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with

Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

112.    Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<div align="center">

### TWENTIETH CLAIM FOR RELIEF
(against LVNV)
(Willful Noncompliance with FCRA)

</div>

113.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

114.    LVNV willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

115.    As a result of LVNV's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

116.    Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<div align="center">

### TWENTY-FIRST CLAIM FOR RELIEF
(against Sam's)
(Negligent Noncompliance with FCRA)

</div>

117.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

118.     Sam's negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

119.     As a result of Sam's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

120.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<center>TWENTY-SECOND CLAIM FOR RELIEF</center>
<center>(against Sam's)</center>
<center>(Willful Noncompliance with FCRA)</center>

121.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

122.     Sam's willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

123.     As a result of Sam's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in

<center>25</center>

credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

124.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<div align="center">

TWENTY-THIRD CLAIM FOR RELIEF
(against GECRB)
(Negligent Noncompliance with FCRA)

</div>

125.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

126.     GECRB negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

127.     As a result of GECRB's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

128.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<div align="center">

TWENTY-FOURTH CLAIM FOR RELIEF
(against GECRB)
(Willful Noncompliance with FCRA)

</div>

129.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

130.     GECRB willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

131.     As a result of GECRB's failure to comply with the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks actual damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

132.     Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

133.     Plaintiff requests a jury trial on all claims.

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

On the First Claim for Relief:

1.     Actual damages to be determined by the jury; and

2.     Attorney fees.

On the Second Claim for Relief:

1.     Actual damages to be determined by the jury;

2.      Statutory damages to be determined by the jury;

27

      3.      Punitive damages to be determined by the jury; and

      4.      Attorney fees.

On the Third Claim for Relief:

      1.  Actual damages to be determined by the jury; and

      2.  Attorney fees.

On the Fourth Claim for Relief:

      1.      Actual damages to be determined by the jury;

      2.      Statutory damages to be determined by the jury;

      3.      Punitive damages to be determined by the jury; and

      4.      Attorney fees.

On the Fifth Claim for Relief:

      1.  Actual damages to be determined by the jury; and

      2.  Attorney fees.

On the Sixth Claim for Relief:

      1.      Actual damages to be determined by the jury;

      2.      Statutory damages to be determined by the jury;

      3.      Punitive damages to be determined by the jury; and

      4.      Attorney fees.

On the Seventh Claim for Relief:

      1.  Actual damages to be determined by the jury; and

      2.  Attorney fees.

On the Eighth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Ninth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Tenth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Eleventh Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Twelfth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Thirteenth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Fourteenth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Fifteenth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Sixteenth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Seventeenth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Eighteenth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.      Statutory damages to be determined by the jury;

    3.      Punitive damages to be determined by the jury; and

    4.      Attorney fees.

On the Nineteenth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Twentieth Claim for Relief:

    1.      Actual damages to be determined by the jury;

    2.      Statutory damages to be determined by the jury;

    3.      Punitive damages to be determined by the jury; and

    4.      Attorney fees.

On the Twenty-First Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Twenty-Second Claim for Relief:

    1.      Actual damages to be determined by the jury;

    2.      Statutory damages to be determined by the jury;

    3.      Punitive damages to be determined by the jury; and

    4.      Attorney fees.

On the Twenty-Third Claim for Relief:

    1.  Actual damages to be determined by the jury; and

2.  Attorney fees.

On the Twenty-Fourth Claim for Relief:

      1.      Actual damages to be determined by the jury;

      2.      Statutory damages to be determined by the jury;

      3.      Punitive damages to be determined by the jury; and

      4.      Attorney fees.


On All Claims for Relief:

    1.  Costs and expenses incurred in this action.


Dated this 23rd day of June 2014.

<div style="margin-left: 40%;">

/s/ Micah S. Adkins
Micah S. Adkins
(Texas Bar No.: State Bar # 24088777)
BURKE HARVEY, LLC
2151 Highland Avenue South, Suite 120
Birmingham, AL  35205
Telephone:  205.747.1907
Facsimile:  205.930.9054
Email:       madkins@burkeharvey.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 23[nd] day of June 2014, I filed the foregoing document via the Court's electronic filing system, CM/ECF, which will send notice of same to all counsel of record.

Michael H. Bernick
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002
*Representing Defendant Synchrony Bank f/k/a GE Capital Retail Bank*

Jeremiah J. Anderson
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX 77002
*Representing Defendant Equifax Information Services, LLC*

Joseph C. Van Asten
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515
*Representing Defendant Experian Information Solutions, Inc.*

Michael L. Jones
Elizabeth Caldcleugh
Henry & Jones, LLP
2902 Carlisle Street, Suite 150
Dallas, TX 75204-4004
*Representing Defendant LVNV Funding, LLC*

Julie L. Urzi
Macy's Law Department
611 Olive Street, 10th Floor
St. Louis, MO 63101

James C. Tidwell
Wolfe, Tidwell & McCoy, LLP
320 North Travis Street, Suite 205
Sherman, TX 75090

*Representing Department Stores National Bank & Macy's, Inc.*

James C. Walk
Bryan Cave LLP
2200 Ross Avenue, Suite 3300
Dallas, TX 75210
*Representing Defendant Sam's Club*

Greg D. Stevens
McGlinchey Stafford, PLLC
2711 N. Haskell Avenue, Suite 2750, LB 38
Dallas, TX 75204
*Representing Defendants Midland Funding, LLC; Midland Credit Management; Discover Financial Services, LLC; and Chase Bank USA, N.A.*


/s/ Micah S. Adkins
Micah S. Adkins

## CERTIFICATE OF SERVICE

I hereby certify that on the 23[nd] day of June 2014, I mailed the foregoing document by U.S. Mail, postage pre-paid certified mail, on the following party:

Trans Union, LLC
c/o Registered Agent
Prentice-Hall Corporation Systems Inc.
150 S. Perry Street
Montgomery, Alabama 36104


/s/ Micah S. Adkins
Micah S. Adkins